09-0973-ag
Morkos v. Holder

BIA
Brennan, IJ
A099-682-901

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand nine.

PRESENT:
        RALPH K. WINTER,
        PIERRE N. LEVAL,
        REENA RAGGI,
                <u>Circuit Judges</u>.

_____

MINA MAKRAM MORKOS,
        <u>Petitioner</u>,

        v.                                      09-0973-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        <u>Respondent</u>.

_____

FOR PETITIONER:        David A. Barnett, Frenkel,
                       Hershkowitz, & Shafran LLP, New
                       York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Russell J.E. Verby, Senior Litigation Counsel; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mina Makram Morkos, a native and citizen of Egypt, seeks review of a February 13, 2009 order of the BIA affirming the April 26, 2007 decision of Immigration Judge ("IJ") Noel A. Brennan denying Morkos's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mina Makram Morkos*, No. A099 682 901 (B.I.A. Feb. 13, 2009), *rev'g* No. A099 682 901 (Immig. Ct. N.Y. City, Apr. 26, 2007).[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

[1] Although the BIA remanded to the IJ to allow her to consider Morkos's request for voluntary departure, "a BIA order denying relief from removal and remanding for the sole purpose of considering voluntary departure is a final order of removal that this Court has jurisdiction to review." *Alibasic v. Mukasey*, 547 F.3d 78, 83-84 (2d Cir. 2008).

When the BIA reverses the IJ's decision in whole, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g.*, *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We find no error in the BIA's denial of Morkos's application for asylum. As the BIA found, he failed to establish that the harm he fears bears a nexus to one of the protected grounds enumerated in the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1101(a)(42). For applications governed by the amendments to the INA made by the REAL ID Act of 2005, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Matter of J-B-N-*, 24 I. & N. Dec. 208, 212 (BIA 2007).

Here, Morkos, a Coptic Christian, was threatened and

3

beaten by the family of a Muslim woman with whom he allegedly had an affair. Although Morkos argues that the woman's family was motivated by his religious beliefs, as reflected by the family's desire for him to convert to Islam, substantial evidence supports the BIA's conclusion that religion was not a central reason for the alleged persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Matter of J-B-N-*, 24 I. & N. at 216. In particular, Morkos testified that his assailants were angry because "they say there was an affair between me and their daughter" and that they pressured him to convert to Islam to marry the Muslim woman under Egyptian law. Given such testimony, we are not compelled to reach a conclusion contrary to that of the agency. *See Ahmed v. Ashcroft*, 286 F.3d 611, 612 (2d Cir. 2002) ("To reverse under the substantial evidence standard, we must find that the evidence not only *supports* that conclusion, but *compels* it.") (internal quotation marks omitted) (emphasis in original).

Even if Morkos had demonstrated the requisite nexus, the BIA found that he failed to show that the Egyptian government is unwilling or unable to control his attackers. *See Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985),

4

overruled on other grounds by *Matter of Mogharrabi,* 19 I. & N. Dec. 439 (BIA 1989); *Aliyev v. Mukasey*, 549 F.3d 111, 119 (2d Cir. 2008). Morkos does not challenge this finding, which was, alone, a proper basis for the denial of his application for asylum.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____